
Holly G Rogers
(203) 533-6255
(203) 721-8532
hrogers@melicklaw.com

ROBERT P. POWERS
JOHN F. ROONEY, III *(CT, DC, NH, NY, PA)
WILLIAM D. CHAPMAN
MICHAEL J. MAZURCZAK *(NY & WI)
RICHARD E. HEIFETZ *(NH)
ROBERT T. TREAT
WILLIAM L. KEVILLE, JR.
MICHAEL R. BYRNE
MARK S. BODNER *(NH)
MATTHEW C. WELNICKI *(CT)
WILLIAM P. ROSE
JAMES T. SCAMBY *(PA & NJ)
T. DOS URBANSKI *(RI)
JOHN A. CALETRI*(RI)
ROBERT S. LUDLUM*(CT & NY)
SHANNON MCQUEENEY DOHERTY*(NY)
JARED B. GIROUX
JOHN G. WHEATLEY *(ME)
CHRISTOPHER D. GEORGE
MOHAN SREENIVASAN (CT)
JENNIFER A. SUNDERLAND
BRIAN C. DAVIS
CAROLYN M. MILLER
HOLLY G. ROGERS (CT)
SYD A. SALOMAN *(RI)
CHRISTIAN H. HINRICHSEN *(ME, NH, RI)
STEVEN M. BANKS (CT & NY)
ERINN M. GLOSTER
ALEX A. ROMANO (RI)
CHASE A. MARSHALL
DIANE O. PIRES *(NH)
CHARLES C. GARDNER (CT & NY)
LAUREN S. FACKLER *(NJ, NY & VT)
ROBERT J. AMARA *(RI)
KAITLIN A. BAIR (CT)
LAUREN E. HILL *(AZ & RI)
CHRISTOPHER VAN TIENHOVEN *(RI & CT)
SINI MATHEW
DANIEL J. BEAUCHEMIN
WENDY L. HANSEN
JONATHAN A. ADAMEC (CT & NJ)
NATASHA KING WINTER
VICTORIA M. RANIERI
PETER R. CHANDLER *(NY)
JACQUELINE A. CROCKWELL (RI)
ADRIANNA K. MICHALSKA

OF COUNSEL
DOUGLAS L. FOX *(FL)
ERIN J.M. ALARCON *(NH)
GRETA T. HUTTON (CA)

*ALSO ADMITTED

ONE LIBERTY SQUARE
BOSTON, MA 02109
(617) 523-6200
FAX (617) 523-8130

WORCESTER COUNTY
371 TURNPIKE ROAD, SUITE 120
SOUTHBOROUGH, MA 01772
(508) 452-2020
FAX (508) 452-2021

ONE RICHMOND SQUARE
PROVIDENCE, RI 02906
(401) 941-0909
FAX (401) 941-6269

100 PEARL STREET
HARTFORD, CT 06103
(860) 249-7179
FAX (203) 721-8532

900 MAIN STREET SOUTH
SOUTHBURY, CT 06488
(203) 596-0500
FAX (203) 721-8532

40 MAIN STREET
BIDDEFORD, ME 04005
(207) 517-4111
FAX (207) 835-4980

195 ELM STREET
MANCHESTER, NH 03101
(603) 627-0010
FAX (603) 627-0460

800 THIRD AVENUE, 28TH FLOOR
NEW YORK, NY 10022
(212) 541-7236
FAX (212) 840-8560

550 NORTH BRAND BOULEVARD, SUITE 1500
GLENDALE, CA 91203
(818) 539-2611
FAX (818) 539-2613

MELICKLAW.COM

February 22, 2019

*VIA ECF*
The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

> Re: *Maragh v. Roosevelt Island Operating Corporation et al.*
> 16-cv-07530

Dear Judge Furman:

In accordance with the Court's Notice issued on December 13, 2018, counsel for the parties in the above-referenced action write jointly to provide the Court with the following requisite information:

1. <u>Nature of the Action</u>

This is an employment discrimination action wherein the Plaintiff, Othniel Maragh, is asserting race discrimination and a hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") against defendant Roosevelt Island Operating Corporation ("RIOC"), his former employer, and aiding and abetting claims against the individual defendants (current and former RIOC employees) in their individual capacities.

A. <u>Principal Defenses</u>

The Defendants deny all of the material allegations in the Plaintiff's Complaint. Mr. Maragh will not be able to meet his burden of proving discrimination. RIOC was justified in terminating Mr. Maragh based on his extensive history of untimeliness and attendance problems, and consistent work performance and misconduct issues, all of which persisted even after Mr. Maragh was counseled regarding these issues and warned of the consequences of failing to remedy these problems multiple times. Similarly, RIOC's Public Safety Department's extensive investigation determined that allegations of Mr. Maragh's erratic and threatening workplace behavior were credible. Accordingly, Mr. Maragh's placement on paid administrative leave and his subsequent termination were justified and were not a

pretext for any discrimination. Similarly, Mr. Maragh will not be able to establish that he was subjected to a hostile work environment. The Defendants reserve the right to add and specify additional defenses and special defenses to the Answer.

2. <u>Jurisdiction and Venue</u>

- Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343 (a)(3) and (4), as this action contains federal questions and Mr. Maragh seeks redress for alleged violations of his civil rights. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law and city administrative law claims that are so related to the federal claims that they form part of the same case or controversy.

- Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the alleged events giving rise to Mr. Maragh's claims took place.

3. <u>Existing Deadlines, Due Dates, and/or Cut-off dates</u>

   None.

4. <u>Outstanding Motions</u>

   None.

5. <u>Discovery that has already taken place</u>

   None.

   <u>Discovery that is necessary for the parties to engage in meaningful Settlement Discussions</u>

   - <u>Exchange of Written Discovery on the Following Subjects:</u>

     a. All subjects and issues fairly arising out of the claims of Plaintiff's Complaint;

     b. All subjects and issues fairly arising out of Defendants' defenses to Plaintiff's claims;

     c. Plaintiff's employment history, earnings and performance while employed by RIOC;

     d. The facts and circumstances surrounding the Plaintiff's

          administrative leave;

   e.   The facts and circumstances surrounding Plaintiff's separation from employment;

   f.   Plaintiff's claims for damages and, to the extent they include claims for emotional distress, and/or other medical claims or injuries, all medical documentation related to such claims;

   g.   Mitigation of the Plaintiff's damages, including but not limited to his efforts to find subsequent employment, any income from subsequent employment; any unemployment benefits received;

   h.   All documents related to Plaintiff's alleged damages.

6. <u>Prior Settlement Discussions</u>

   None.

7. The parties have discussed the use of alternate dispute resolutions mechanisms and believe that participation in the District's Mediation Program may be appropriate.


BELDOCK LEVINE & HOFFMAN LLP

By: */s/ Keith Szczepanski*
Keith Szczepanski
Attorney for Plaintiff
99 Park Avenue, PH/26 Floor
New York, New York 10016
(212) 490-0400
kszczepanski@blhny.com

MELICK & PORTER, LLP

By: */s/ Holly G. Rogers*
Holly G. Rogers, Esq.
Attorneys for Defendants
830 Third Avenue
New York, NY 10022
(212) 541-7236
hrogers@melicklaw.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------)(
OTHNIEL EVANS MARAGH,

                                                            16-CV-07530 (JMF)

                        Plaintiff,
                - against -
                                            **CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

THE ROOSEVELT ISLAND OPERATING
CORPORATION, et al.,

                        Defendants.
--------------------------------------------------------------)(

       This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.    The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3.    Settlement discussions have not taken place.

4.    Counsel have discussed an informal exchange of information in aid of early settlement and have agreed not to proceed with such an exchange and instead will exchange Initial Disclosures as provided herein.

5.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed no later than: **March 25, 2019.**

6.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than: **March 25, 2019.**

7.    The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than: **N/A.**

8.    Discovery

    a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b. All fact discovery shall be completed no later than: **October 31, 2019.**

c. The parties agree that **there is no need for expert discovery**. If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless — prior to that date — a party files, and the Court grants, a letter-motion seeking an extension for purposes of taking expert discovery; any such motion should explain why expert discovery has become necessary and propose a schedule for such discovery.

d. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than: **N/A.**

e. The parties should not anticipate extensions of the deadlines for fact discovery and expert discovery set forth in the foregoing Paragraphs. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

9. Interim Discovery Deadlines

    a. Initial requests for production of documents shall be served by: **April 25, 2019.**

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by: **April 25, 2019.** No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ, P. 26(a).

    c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

    d. Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the date set forth in Paragraph 8(b).

    i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

    ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

    iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    e. Unless otherwise ordered by the Court, requests to admit shall be served by no later than thirty (30) days before the close of discovery.

f. Any of the deadlines in Paragraphs 9(a) through 9(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in Paragraph 8(b).

g. In the event that there is expert discovery, no later than thirty (30) days prior to the date in Paragraph 8(b) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (1) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (2) all expert discovery shall be completed by the date set forth in Paragraph 8(c).

10. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at http://nysd.uscourts.gov/judge/Furman).

11. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Any letter-motion seeking relief *must* include a representation that the meet-and-confer process occurred and was unsuccessful. Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone. Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.

12. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

13. Absent good cause, the Court will not have summary judgment practice in a non-jury case. Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within thirty (30) days of the close of fact or expert discovery (whichever is later). Unless otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one (1) week after service of any opposition.

14. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared

in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices for Civil Cases, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

15. If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

16. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

17. This case is to be tried to a jury.

18. Counsel for the parties have conferred, and the present best estimate of the length of trial is: 3-4 days.

Dated: New York, New York
February 22, 2019

| BELDOCK LEVINE & HOFFMAN LLP | MELICK & PORTER, LLP |
|---|---|
| By: */s/ Keith Szczepanski* | By: */s/ Holly G. Rogers* |
| Keith Szczepanski | Holly G. Rogers, Esq. |
| Attorney for Plaintiff | Attorneys for Defendants |
| 99 Park Avenue, PH/26 Floor | 830 Third Avenue |
| New York, New York 10016 | New York, NY 10022 |
| (212) 490-0400 | (212) 541-7236 |
| kszczepanski@blhny.com | hrogers@melicklaw.com |