

Holly G. Rogers
(203) 533-6255
Facsimile: (203) 721-8532
hrogers@melicklaw.com

ROBERT P. POWERS
JOHN F. ROONEY, III *(CT, DC, NH, NY, PA)
WILLIAM D. CHAPMAN
MICHAEL J. MAZURCZAK *(NY & WI)
RICHARD E. HEIFETZ *(NH)
ROBERT T. TREAT
WILLIAM L. KEVILLE, JR.
MICHAEL R. BYRNE
MARK S. BODNER *(NH)
MATTHEW C. WELNICKI *(CT)
WILLIAM P. ROSE
JAMES T. SCAMBY *(PA & NJ)
JARED B. GIROUX
HOLLY G. ROGERS (CT & NY)
T. DOS URBANSKI *(RI)
ROBERT S. LUDLUM*(CT & NY)
SHANNON MCQUEENEY DOHERTY*(NY)
JOHN G. WHEATLEY *(ME)
CHRISTOPHER D. GEORGE
BRIAN C. DAVIS
CAROLYN M. MILLER
SYD A. SALOMAN *(RI)
CHRISTIAN H. HINRICHSEN *(ME, NH, RI)
MATTHEW B. DIMARIO *(RI)
CHRISTOPHER VAN TIENHOVEN *(RI & CT)
WHITNEY K. BARROWS *(NY)
STEVEN M. BANKS (CT & NY)
ERINN M. GLOSTER
DIANE O. PIRES *(NH)
CHARLES C. GARDNER (CT & NY)
LAUREN S. FACKLER *(NJ, NY & VT)
KAITLIN A. BAIR (CT)
NATASHA KING WINTER
VICTORIA M. RANIERI
PETER R. CHANDLER *(NY)
JACQUELINE A. CROCKWELL *(RI, CT, NH & VT)
ALEXANDER W. AHRENS (CT)
KATHLEEN M. FARRELL *(NY)
MATHEW W. BECKWITH (CT & NY)
LAURA K. TERRASI
MEAGAN M. BELLAMY *(RI)
ALISON T. FEELEY
BRIAN Z. LEBLANC
ELIZABETH J. FEGREUS
JEREMY P. MCMANUS
SARAH A. FARLEY
JOHNATHAN L. KONANDREAS (CT)
LAUREN K. CAMIRE

OF COUNSEL
DOUGLAS L. FOX *(FL)
ERIN J.M. ALARCON *(NH)
JENNIFER A. SUNDERLAND

*ALSO ADMITTED

ONE LIBERTY SQUARE
BOSTON, MA 02109
(617) 523-6200
FAX (617) 523-8130

WORCESTER COUNTY
371 TURNPIKE ROAD, SUITE 200
SOUTHBOROUGH, MA 01772
(508) 452-2020
FAX (508) 452-2021

ONE RICHMOND SQUARE
PROVIDENCE, RI 02906
(401) 941-0909
FAX (401) 941-6269

750 MAIN STREET, SUITE 100
HARTFORD, CT 06103
(203) 769-3111
FAX (203) 721-8532

900 MAIN STREET SOUTH
SOUTHBURY, CT 06488
(203) 596-0500
FAX (203) 721-8532

40 MAIN STREET
BIDDEFORD, ME 04005
(207) 517-4111
FAX (207) 835-4980

195 ELM STREET
MANCHESTER, NH 03101
(603) 627-0010
FAX (603) 627-0460

800 THIRD AVENUE, 28TH FLOOR
NEW YORK, NY 10022
(212) 541-7236
FAX (212) 840-8560

MELICKLAW.COM

January 7, 2021

<u>VIA ECF</u>
The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

  Re: *Maragh v. Roosevelt Island Operating Corporation, et al.*
     16-cv-07530

Dear Judge Furman,

  This firm represents the Defendants in the above-referenced action. The Defendants respectfully submit this letter motion pursuant to Your Honor's Individual Rules and Practices to request (i) permission to file certain documents in support of their summary judgment motion (the "Motion") under seal, and (ii) for entry of a confidentiality order with regard to the documents filed under seal.

  The Defendants anticipate filing two documents in support of the Motion that they respectfully request to file under seal, and that these documents also be designated as confidential. Both documents have been filed under seal with this motion per Your Honor's Individual Rules. First is the New York State Department of Labor, Division of Equal Opportunity Development's (the "DOL") final report of its investigation (in conjunction with the Governor's Office of Employee Relations ("GOER")) of the Plaintiff's September, 2014 internal complaint of discrimination. The second is Roosevelt Island Operating Corporation's ("RIOC") Public Safety Department's ("PSD") report of its investigation into complaints of threatening and aggressive behavior by the Plaintiff at the workplace.

  These documents have not been made public, and contain sensitive and/or private information and statements of RIOC employees, including many that are not parties to this action. The Second Circuit has held that "[t]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation" when deciding whether to seal certain documents. *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79–80 (2d Cir.) (quoting *United States v. Biaggi (In re New York Times Co.)*, 828 F.2d 110, 116 (2d Cir.1987), cert. denied, 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988) (citation omitted)), cert. denied, 496 U.S. 931, 110 S.Ct. 2631, 110 L.Ed.2d 651 (1990).

Melick & Porter, LLP
January 7, 2021
Page 2

Furthermore, the employees who provided the statements to the investigators likely did so under a reasonable expectation of confidentiality that, at the very least, did not entail the public filing of their statements and information on a public docket. The filing of these documents on the public docket rather than under seal would potentially have the effect of discouraging employees from being candid in investigations out of concern that their statements could be made public, including in a litigation proceeding. The Defendants feel that in order for the documents' efficacy to be fully realized in adjudicating the Motion, they must be submitted in their entirety.

As these documents have not been made public and will be accessible to the Plaintiff for the purpose of this litigation, the Defendants respectfully request that these documents be designated as confidential to ensure that they will only be utilized by the parties for purposes of this litigation, and that any other use, reference, disclosure or dissemination of the information contained in these documents be prohibited by an order of the Court. The individuals who provided information and statements to the investigators expressed their concerns of potential reprisal from the Plaintiff for doing so. As the Plaintiff will have access to these documents for purposes of this litigation, an order of the Court deeming the reports confidential will help protect against the potential of misuse, and help to assuage any concerns regarding the security of the participants in the investigations.

Rule 26(c) of the Federal Rules of Civil Procedure provides that upon motion, a court may grant a protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," provided that the party or person requesting the protective order has demonstrated that good cause exists for its issuance. See *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 221 (S.D.N.Y. 2006).

For the reasons set forth herein, the Defendants respectfully request that they be permitted to file the aforementioned investigation reports under seal and that they be deemed confidential for use only for purposes of this litigation and that any other use, reference, disclosure, or dissemination of the reports or any information or documentation contained therein be prohibited by an order of the Court.

Thank you for Your Honor's consideration of the Defendants' request.

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The parties shall submit a proposed protective order for the Court's consideration (mindful that the Court will strike or modify any provision that purports to authorize any party to file material under seal absent a court order).

Respectfully submitted,

/s/Holly G. Rogers

Holly G. Rogers, Esq.

cc: Othniel Maragh *via ECF and Email*

The Clerk of Court is directed to terminate ECF No. 152 and to mail a copy of this endorsed letter-motion to the Plaintiff.

SO ORDERED.

January 7, 2021