**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
**OTHNIEL EVANS MARAGH**

                              **16-CV-07530 (JMF)**

                **Plaintiff,**

              **- against -**

**THE ROOSEVELT ISLAND OPERATING**
**CORPORATION, et al.,**

              **Defendants.**          **January 19, 2021**
------------------------------------------------------------------X

## [PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER

JESSE H. FURMAN, District Judge:

      The Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

      ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1. Any person subject to this Order who receives from any party any information or documentation of any kind – whether in documents, testimony, or any other form - that is designated as "Confidential" pursuant to the terms of this Order (the "Confidential Material") shall not disclose such Confidential Material to anyone else except as expressly permitted hereunder.

1

2. The party producing Confidential Material may designate as confidential the portion of such material that contains and/or consists of non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in good faith opinion of the producing party, adversely affect a person's or party's privacy rights, obligations or policies, business, commercial, financial or personnel interests.

3. The following documents have previously been designated as confidential in this matter at the request of the Defendants and upon order of the Court, and should be treated as Confidential Material pursuant to the terms of this proposed Order pending the Court's entry of this Order:

   (a) (i) the following portions of Othniel Maragh's September 26, 2020 deposition transcript:

   - Page 102, line 14 to page 110;
   - Page 158, lines 8 - 17; and
   - Page 159, line 2.

   (ii) the following portions of Othniel Maragh's October 6, 2020 deposition transcript:

   - Page 13, line 24 to page 14, line 3;
   - Page 59, lines 12 - 13;
   - Page 181, lines 9 - 19; and
   - Page 183, lines 4 - 25.

   (b) the New York State Department of Labor Division of Equal Opportunity Development/Governor's Office of Employee Relations ("DOL/GOER") Investigation Report dated February 6, 2015;

   (c) the Roosevelt Island Operating Corporation Public Safety Division's ("PSD") Investigation Report dated.

4. With respect to designation of any documents, information, material, or transcripts, or any portion thereof going forward, the producing party or that party's counsel may

designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the portion of the document or protected information in a manner that will not interfere with legibility or audibility. However, the documents, transcripts and information contained therein referenced in paragraph 3 above have been duly designated and shall be treated as confidential in accordance with the terms of this proposed Order without further designation, including without requiring the Defendants as the producing party to stamp or otherwise mark of any of the above documents and transcripts as "Confidential" and resubmitting them to the Plaintiff or the Court as such.

5. If at any time prior to the trial of this action, a producing party realizes that some portion[s] of Confidential Material that that party previously produced without limitation should be designated as Confidential, such party may so designate by notifying all parties in writing, and such designated portion[s] of the Confidential Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Confidential Material that bears the "Confidential" designation within two (2) business days of providing such notice.

6. The Plaintiff shall not use the Confidential Material for any purpose other than the preparation or presentation of his case in this action.

7. No person subject to this Order other than the producing person shall disclose any of the Confidential Material designated by the producing person as Confidential to any other person or party whomsoever, except to:

    (a) the parties to this action, their insurers, and, with respect to Confidential

Material designated as Confidential that was produced by a non-party, also to such non-party;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained or considered for retention by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions conducted in this action; and

(h) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(i) the Court and its support personnel; and

(j) any other person whom the producing person, or other person designating the Confidential Material as confidential pursuant to paragraph 4 herein, agrees in writing may have access to such Confidential Material.

8. Prior to any disclosure of any Confidential Material to any person referred to in subparagraphs 5(d), 5(e), or 5(f) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

9. Should any document or information designated as Confidential Material pursuant to this Order be disclosed, through inadvertence or error, to any person or party not entitled to receive the same hereunder, then the party identifying the disclosure shall notify all other parties of the disclosure and use their best efforts to bind such persons to the terms of this Order.

10. All Confidential Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Local Rules of this Court, and the Honorable Jesse Furman's Individual Rules of Practice in Civil Cases in conjunction with the Court's Electronic Case Filing Rules & Instructions. The parties will use their reasonable best efforts to minimize the filing of Confidential Materials under seal. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials. No material shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow

and be in accordance with the Local Rules of this Court, and the Honorable Jesse Furman's Individual Rules of Practice in Civil Cases in conjunction with the Court's Electronic Case Filing Rules & Instructions.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

12. The Court retains discretion whether or not to afford confidential treatment to any Confidential Material or information contained in any Confidential Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each party who has access to Confidential Material that has been designated as "Confidential" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. If, in connection with this litigation and despite a producing party having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege, attorney work product, or confidentiality, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or confidentiality ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or confidentiality with

respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within seven business days, return or destroy all copies of the Inadvertently Disclosed Information, and, at the disclosing party's request, provide a certification that all such information has been returned or destroyed. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information, if applicable.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. This Order shall survive the termination of the litigation, including any appeals. Within 30 days of the final disposition of this action, all Confidential Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing party, or, upon permission of the producing party, destroyed.

19. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any component thereof.

20. This Order shall not be construed as an admission by any party that any document or

other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

21. Where appropriate, any reference to "counsel" is this Order shall be construed to include the Plaintiff, who is proceeding *pro se* at this time.

SO ORDERED.

Dated: January 19, 2021
      New York, New York

HON. JESSE M. FURMAN
U.S. DISTRICT JUDGE

This Order binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by signing this Order, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.,* No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019)

**The Clerk of Court is directed to mail a copy of this Order to Plaintiff**, who should be aware that it is effective immediately.  That said, Defendants have not indicated whether Plaintiff was given an opportunity to confer on the substance of the proposed order.  If Plaintiff was not given that opportunity and if he has any objection, he shall file a letter with the Court no later than **February 2, 2021,** and the Court will consider modifying the Order accordingly.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**OTHNIEL EVANS MARAGH**

                                          **16-CV-07530 (JMF)**

                **Plaintiff,**


                **- against -**

**THE ROOSEVELT ISLAND OPERATING**
**CORPORATION, et al.,**

                **Defendants.**
-----------------------------------------------------------------X

## **NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Confidentiality and Protective Order in this action governing the non-disclosure of those portions of Confidential Material that have been designated as 'Confidential.' I agree that I will not disclose such Confidential Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all Confidential Material to the party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality and Protective Order could subject me to punishment for contempt of Court.


Dated: _____                    _____