

Holly G. Rogers
(203) 533-6255
Facsimile: (203) 721-8532
hrogers@melicklaw.com

ROBERT P. POWERS
JOHN F. ROONEY, III *(CT, DC, NH, NY, PA)
WILLIAM D. CHAPMAN
MICHAEL J. MAZURCZAK *(NY & WI)
WILLIAM L. KEVILLE, JR.
RICHARD E. HEIFETZ *(NH)
ROBERT T. TREAT
MICHAEL R. BYRNE
MARK S. BODNER *(NH)
MATTHEW C. WELNICKI *(CT)
WILLIAM P. ROSE
JAMES T. SCAMBY *(PA & NJ)
HOLLY G. ROGERS (CT & NY)
ROBERT W. HEALY *(NH)
T. DOS URBANSKI *(RI)
ROBERT S. LUDLUM *(CT & NY)
SHANNON MCQUEENEY DOHERTY *(NY)
JOHN G. WHEATLEY *(ME)
CHRISTOPHER D. GEORGE
BRIAN C. DAVIS
CAROLYN M. MILLER
SYD A. SALOMAN *(RI)
CHRISTIAN H. HINRICHSEN *(ME, NH, RI)
MATTHEW B. DIMARIO *(RI)
CHRISTOPHER VAN TIENHOVEN *(RI & CT)
WHITNEY K. BARROWS *(NY)
STEVEN M. BANKS (CT & NY)
ERINN M. GLOSTER
CHARLES C. GARDNER (CT & NY)
LAUREN S. FACKLER *(NJ, NY & VT)
KAITLIN A. BAIR (CT)
VICTORIA M. RANIERI
JACQUELINE A. CROCKWELL *(RI, CT, NH & VT)
ALEXANDER W. AHRENS (CT)
KATHLEEN M. FARRELL *(NY)
MATHEW W. BECKWITH (CT & NY)
LAURA K. TERRASI
ALISON T. FEELEY
ELIZABETH J. FEGREUS
JEREMY P. MCMANUS
JOHNATHAN L. KONANDREAS (CT)
LAUREN K. CAMIRE
LAUREN C. ROCHE
JOHN N. YOKOW
MICHAEL P. DICKMAN *(RI, ME & NY)
MICHAEL C. GRENIER

OF COUNSEL
DOUGLAS L. FOX *(FL)
ERIN J.M. ALARCON *(NH)
JENNIFER A. SUNDERLAND

*ALSO ADMITTED

ONE LIBERTY SQUARE
BOSTON, MA 02109
(617) 523-6200
FAX (617) 523-8130

WORCESTER COUNTY
2 PARK CENTRAL DRIVE, SUITE 120
SOUTHBOROUGH, MA 01772
(508) 452-2020
FAX (508) 452-2021

ONE RICHMOND SQUARE
PROVIDENCE, RI 02906
(401) 941-0909
FAX (401) 941-6269

750 MAIN STREET, SUITE 100
HARTFORD, CT 06103
(203) 769-3111
FAX (203) 721-8532

900 MAIN STREET SOUTH
SOUTHBURY, CT 06488
(203) 596-0500
FAX (203) 721-8532

40 MAIN STREET
BIDDEFORD, ME 04005
(207) 517-4111
FAX (207) 835-4980

195 ELM STREET
MANCHESTER, NH 03101
(603) 627-0010
FAX (603) 627-0460

800 THIRD AVENUE, 28TH FLOOR
NEW YORK, NY 10022
(212) 541-7236
FAX (212) 840-8560

MELICKLAW.COM

May 11, 2021

<u>VIA ECF</u>
The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

   Re: *Maragh v. Roosevelt Island Operating Corporation, et al.*
      16-cv-07530

Dear Judge Furman,

  This firm represents the Defendants in the above-referenced action. The Defendants respectfully submit this letter in response to the Plaintiff's request to submit a copy of the transcript of an audio recording (the "Audio Recording") [DE # 202].

  The Defendants write to express their concerns regarding the submission of the transcript, and would like the opportunity to respond appropriately upon its submission. Additionally, for the reasons set forth below, the Defendants respectfully request that the Audio Recording and transcript be filed under seal, and be deemed confidential in accordance with the Confidentiality and Protective Order entered in this matter [DE # 173].

  As an initial matter, the Plaintiff's Table of Contents to his Opposition to the Defendants' summary judgment motion [DE # 185-30] references only the "Audio Recording" at No. 28. There is no reference to a transcript. Nor does the Plaintiff's initial letter motion to file the Audio Recording make any mention of a transcript. [DE # 193]. Moreover, on April 23, 2021, Your Honor granted the Plaintiff permission to file the Audio Recording directly to Chambers and clarified "that permission is limited to the audio file[.]" [DE # 198]. On May 3, 2021 [DE# 199] the Plaintiff referenced a transcript of the Audio Recording for the first time. In response, on May 5, 2021, Your Honor entered an Order that the Plaintiff should mail a copy of the Audio Recording by May 4, 2021, or file a letter explaining his delay in doing so. [DE # 200]. Your Honor made no mention of a transcript in the May 5, 2021 Order. Thus, the Court never previously granted the Plaintiff permission to file a transcript of the Audio Recording. As such, his request for an extension to file a transcript *nunc pro tunc* [DE # 202] was improper.

It should be noted that while the Defendants were provided a copy of the Audio Recording by the Plaintiff with his discovery responses, the Defendants have not been provided a transcript of the Audio Recording to date. Moreover, the Plaintiff's stated reasons for the need for an extension of time to file the transcript of the Audio Recording raises concerns about the transcript's reliability and authenticity. The Plaintiff stated that he needs more time to "edit" and "make corrections" to the transcript, which in his opinion is "inaccurate." It is unclear from the Plaintiff's statement if it is he who intends to make the "edit[s]" and "corrections" to the transcript. To the extent that the Plaintiff intends to make the edits to the transcript himself, that is wholly improper. Moreover, if the Plaintiff feels that the transcript does not accurately represent the contents of the Audio Recording, the Plaintiff should rely upon the Audio Recording only, and not a transcript, as originally indicated in his Opposition.

Furthermore, in this litigation, the Plaintiff has a history of denying the veracity of his prior statements when he believes they do not comport with his current understanding of things. Thus, the Defendants have concerns that the transcript that will be submitted (that has not previously been shared with the Defendants) could potentially have reliability and/or authenticity issues. Therefore, should Your Honor accept the transcript as part of the Plaintiff's Opposition, the Defendants request the opportunity to review the transcript and respond to the submission should the Defendants find any apparent inaccuracies or authenticity issues with the submitted transcript.

Lastly, the Defendants respectfully request that the Audio Recording and transcript be filed under seal and be deemed confidential pursuant to the Confidentiality and Protective Order entered by the Court in this matter. [DE # 173]. The Audio Recording and the transcript are part of RIOC's Public Safety Department's ("PSD") investigation into complaints of erratic and threatening behavior at the workplace by the Plaintiff (the "PSD Investigation"). Your Honor previously ordered that the PSD Investigation Report be filed under seal [DE # 155] and be deemed confidential [DE# 173]. The Audio Recording was made during the investigation process, and contains and/or refers to sensitive and/or private information and statements of RIOC employees that are not parties to this action. The employees who provided the statements to the investigators likely did so under a reasonable expectation of confidentiality that did not entail the public filing of their statements and information on a public docket. The filing of these materials on the public docket rather than under seal would potentially have the effect of discouraging employees from being candid in investigations out of concern that their statements could be made public at any time in a litigation proceeding. Moreover, allowing the Audio Recording and transcript to be filed on the public docket would erode the protections provided in Your Honor's prior Order [DE # 155].

The Second Circuit has held that "[t]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation" when deciding whether to seal certain documents. *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79–80 (2d Cir.) (quoting *United States v. Biaggi (In re New York Times Co.)*, 828 F.2d 110, 116 (2d Cir.1987), cert. denied, 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988) (citation omitted)), cert. denied, 496 U.S. 931, 110 S.Ct. 2631, 110 L.Ed.2d 651 (1990).

As the Audio Recording and transcript have not been made public and are in the Plaintiff's possession for the purpose of this litigation, the Defendants respectfully request that these documents be designated as confidential to ensure that they will only be utilized by the parties for purposes of this litigation, and that any other use, reference, disclosure or dissemination of the information contained in these documents be prohibited in accordance with the Confidentiality and Protective Order entered in this case [DE # 173]. The individuals who provided the information to the investigators stated their concerns of reprisal from the Plaintiff given the nature of the investigation. There is a concern that the Plaintiff would use the information obtained to harass or threaten these individuals. The Defendants understand that the Plaintiff has possession of the Audio Recording and transcript, however, designating these materials as confidential will help limit the potential of abuse.

For the reasons set forth herein, the Defendants respectfully request that the Audio Recording and transcript be filed under seal and be deemed confidential.

Thank you for Your Honor's consideration of the Defendants' requests herein.

Respectfully submitted,

*/s/Holly G. Rogers*

Holly G. Rogers, Esq.

cc: Othniel Maragh *via ECF and Email*

Plaintiff is ORDERED to file any transcript of the audio recording that he submitted to Chambers under seal in the first instance. To do so, Plaintiff shall mail the transcript to Defendants and to the Chambers of the Honorable Jesse M. Furman, Daniel Patrick Moynihan United States District Courthouse, 500 Pearl Street, New York, NY 10007, no later than **May 17, 2021**. Upon receipt, the Court will file the transcript under seal. To be clear, Plaintiff may not submit anything else directly to Chambers without first obtaining leave to do so, through a written request submitted to the *Pro Se* Intake Unit. If any party believes that the transcript should remain sealed or redacted for reasons not already addressed in this letter motion, that party shall file a letter brief, within three days of the transcript being filed and not to exceed three pages, showing why doing so is consistent with the presumption in favor of public access to judicial documents. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. With regard to Defendants' other concerns, the Court reserves judgment on whether and to what extent to consider either the audio recording or the transcript in deciding the pending motion for summary judgment, and the transcript will be considered, if at all, solely as an aid to interpreting the audio recording and not as evidence in its own right. The Clerk of Court is directed to terminate ECF No. 204 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

May 12, 2021